THE STATE, DEFENDANT IN ERROR, v. CHRISTOPHER
COLUMBUS, PLAINTIFF IN ERROR.

Submitted January 30, 1931—Decided May 5, 1931.

Before Justices Parker, Campbell and Bodine.

For the state, *J. Vincent Barnitt*, prosecutor of the pleas.

For the plaintiff in error, *Benjamin L. Stein*.

Per Curiam.

Plaintiff in error was convicted under an indictment charging incest with one of his two daughters, and also under another indictment charging incest with the other daughter. The evidence tended to show that the crimes were under threats and display of revolvers and a razor. The case is before us on strict bill of exceptions and also on certificate of the proceedings at the trial, and is submitted on briefs, the points being numbered to correspond with the assignments and specifications argued, the others being treated as abandoned. We take them up in the order in which they are presented.

1. Allowance of a question to one of the daughters, "is this occasion of January 18th the only time that your father has had connection with you?" The objection was (a) "that we are not now concerned with anything else;" and (b) that the rule laid down in *State* v. *Snover*, 65 *N. J. L.* 289; *State* v. *Faulks*, 97 *Id.* 408, and a number of other cases is not applicable as between father and daughter. Those objections are now abandoned, and the argument made here is that the question was too broad as calling for subsequent as well as prior intercourse with the witness. The first answer is that the point was not made below and so cannot be made here; the second, the answer was confined to prior occurrences and hence the error, if any, was harmless.

Under this point it is further argued that the court omitted to instruct the jury that such evidence was merely corroborative of the specific charge in the indictment. But there was no request so to charge, and without such request, the failure to charge is not error.

3. Overruling a question asked of the same witness on cross-examination. We think this was within the discretion of the trial court, and that in any event no manifest wrong or injury contemplated, by section 136 of the Criminal Procedure act appears.

4, 5. Question on cross about hearing her father and mother quarreling were overruled. We think they were immaterial.

6. Allowance of a question asked of the other daughter by the prosecutor, "prior to this date, did you and your father have intercourse?" This was objected to as immaterial. As already noted, it was corroborative, and therefore material.

11. Permitting a physician who had examined the daughters to testify that they had been penetrated. Objected to as too remote, the examination having been about five months after the dates charged in the indictments. We agree that the evidence might well have been regarded by the jury as of little value, but the fact was at least evidential and to a certain extent corroborative. It was not error to receive it.

12. Refusal to direct acquittal when the state rested. The motion was rested upon two grounds: first, lack of proof of the relation of father and daughter, not here argued; and secondly, that the evidence, if it showed anything, showed rape, and that there could therefore be no conviction of incest. We think that the gist of the crime of incest is sexual intercourse within the prohibited degrees, and that while a father may commit rape upon his daughter, the crime is incest as well, and indictment for either will lie, particularly under section 46 of the Crimes act.

16 and 17. That the verdict is against the weight of evidence, and is the result of passion and prejudice. We are unable to agree that it is either.

18, 19 and 20. Refusal to arrest judgment on the grounds that messages were sent from the jury without consent of the court or knowledge of the defendant; that the sworn officers attending the jury conversed with them on matters not permitted by their oath; and that said officers did receive and transmit messages from jurors without permission of the court.

It may be that the conduct of the officers, and perhaps of the jury, was of such character that the court on proper motion should have set aside the verdict and ordered a new trial. There was a motion for new trial, but it was not argued on these grounds; and on a motion in arrest of judgment the court will consider only matters apparent on the face of the record. 1 *Chit. Crim. L.* 661; 1 *Arch. Cr. Pr. & Pl.* 671; *Powe* v. *State,* 48 *N. J. L.* 34; *State* v. *Hop,* 90 *Id.* 390; *State* v. *Lehigh Valley Railroad Co.,* 94 *Id.* 171.

The judgment will be affirmed.