## THE STATE v. LOUIS MEYERS.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *Aloysius McMahon.*

For the state, *John Drewen,* prosecutor of the pleas, *Harlan Besson* and *Andrew O. Wittreich,* assistant prosecutors.

PER CURIAM.

Three indictments were found against plaintiff in error, based on one occurrence, viz., the hold-up of a silk-laden truck driven by one Foster. The general facts as the jury were entitled to find them, were that Meyers, revolver in hand, boarded the truck and compelled Foster to leave it, and Meyers' confederates took charge of it. Foster was blindfolded and compelled to enter an automobile in company with Meyers, driven around the country for several hours, and finally released at Perth Amboy. The grand jury found indictments against Meyers, one for kidnapping, for which the offender may be sentenced for life or any term of years; one for robbery for which the limit of imprisonment is fifteen years; and one for carrying concealed weapons

which is an ordinary misdemeanor. Crimes act, sections 114, 120. 2 *Comp. Stat., pp.* 1783, 1785; *Pamph. L.* 1925, *p.* 494. The three indictments were tried together, and there was a conviction in each. The court imposed a sentence of thirty years for the kidnapping, fifteen years for the robbery, and two years on the concealed weapons charge, the sentences to run concurrently. The entire record of proceedings at the trial is certified pursuant to section 136 of the Criminal Procedure act. The assignments of error and causes for reversal under section 136 are identical.

Two points made for reversal may be shortly disposed of: No. 3, that defendant was prejudiced by the trial of three indictments at once; and No. 6, that no indictment was moved for trial. The return to a *certiorari* to bring up out-branches of the record discloses clearly that all the indictments were regularly moved, and that they were tried together by the express consent of the prisoner's then counsel.

The conviction on the indictment for concealed weapons must be reversed, as the charge of the court on that offense omitted the essential element of concealment. *State* v. *Gratz,* 86 *N. J. L.* 482.

With respect to the other two convictions, the points made in the brief (there was no oral argument) for the most part do not cite any particular filed causes for reversal or assignments of error, and this is not surprising, as most of the assignments are technically insufficient. No. 1, weight of evidence, is not assigned. No. 2 is to us either unintelligible or ill-founded. It is that "both charges of kidnapping and robbery are not comprehended by the facts adduced at the trial." This does not challenge any judicial action, and we need only point to the facts above recited in answer to it on its merits.

Numbers 3, 4, 5 and 7 attack the joint trial, which as we have said, was consented to. It would be needlessly tedious to deal with the others *seriatim.* So far as they are legally sufficient they raise the points (a) that the kidnapping was part of the crime of robbery, or *vice versa,* and hence that a conviction on either indictment would include the other

(we disregard concealed weapons, which is now out of the case); (b) that the court charged erroneously on several points specified; (c) that the court erred in denying motions in arrest of judgment.

With respect to the first of these, we cannot discern that it was presented to the trial court, or appears on the face of the record. The difficulty is considering it now obviously arises out of the fact that defendant through his counsel expressly consented to the trial of all three indictments together. If he was to urge that all were based on the same act or series of acts, the proper course was to stand trial on one indictment and then plead *autrefois convict* (or acquit) as to the others, as was done in *State* v. *Cooper*, 13 *N. J. L.* 361; *State* v. *Mowser*, 92 *Id.* 474, and *State* v. *Cosgrove*, 103 *Id.* 412. Moreover, we cannot find that the alleged merger or duplication of the charges was brought to the court's attention at any time during the trial. Even the motion to direct an acquittal was based simply on alleged insufficiency of evidence. After verdict it is too late to complain. 1 *Bish.* (*New*) *Cr. Pro.* 443 (3). There was a motion in arrest of judgment, based on the claim that the *evidence* showed legal identity of the three alleged crimes: but judgment will be arrested only for matter apparent on the record. *Powe* v. *State*, 48 *N. J. L.* 34; *State* v. *Hop*, 90 *Id.* 390; *State* v. *Lehigh Valley Railroad Co.*, 94 *Id.* 171; *State* v. *Columbus*, 154 *Atl. Rep.* 605; 9 *N. J. Mis. R.* 512

As to the charge of the court: it is urged in the first place that under a quoted passage in the charge the jury were left free to find defendant twice guilty of assault and battery, once on the indictment for kidnapping and once on that for robbery. A sufficient answer is that the jury did not convict of assault and battery on any one of the three indictments, and therefore the error, if any, was not harmful.

Next, that in charging on alibi, the court said in part: "If the testimony on that question alone raises a reasonable doubt, he is entitled to an acquittal." The argument seems to be that this is not equivalent to saying (in the language of our cases), that "if the testimony created such a degree

of uncertainty as to defendant's whereabouts that the jury were not satisfied beyond a reasonable doubt of his guilt, he was entitled to an acquittal." We think it was substantially equivalent; and that if it was not satisfactory to counsel, a suitable request should have been submitted.

Another remark of the court on the subject of alibi is criticised in the brief, but as it was not specified for error we have not considered it.

The last point remaining is that "there was a multiplicity of punishments for the same crime." This is the same in effect as that the defendant was tried on three indictments for substantially the same offense. It does not require decision, for the same reasons already stated, viz., that at no time until the motion in arrest of judgment was it even suggested to the trial court. That court in imposing sentence on the three indictments, very sensibly prescribed that the sentences should run concurrently, and hence, when the defendant shall have served the major sentence, he will also have served the minor one.

The judgment on the concealed weapons' indictment will be reversed: on that for kidnapping and that for robbery it will be affirmed.